UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATHAN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-239 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| (UNKNOWN) PELTON et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Nathan Wilson, a prisoner incarcerated at Oaks Correctional Facility, filed

a *pro se* complaint pursuant to 42 U.S.C. § 1983.  On April 17, 2006, the Court entered an order

granting Plaintiff leave to proceed *in forma pauperis* (docket #3).  The Court has since discovered

that Plaintiff has "three strikes" within the meaning of 28 U.S.C. § 1915(g).  Because Plaintiff has

filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma*

*pauperis* under 28 U.S.C. § 1915(g).  Therefore, the Court's order granting him leave to proceed *in*

*forma pauperis* shall be vacated. The Court will order Plaintiff to pay the $250.00 civil action filing

fee within thirty days of this opinion and accompanying order, and if Plaintiff fails to do so, the

Court will order that his action be dismissed without prejudice.[1]  Even if the case is dismissed,

---

[1]Under Sixth Circuit precedent, a complaint is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his complaint on April 6, 2006, and it was received by the Court on April 10, 2006.  Thus, it must have been handed to prison officials for mailing at some time between April 6 and 10.  For purposes of this case, the Court gave Plaintiff the benefit of the earliest possible filing date because the filing fee increased on April 9, 2006 to $350.00.

Plaintiff will be responsible for payment of the $250.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and

unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule

against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder  and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d

596, 604-606 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22

(5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan.  In three of

Plaintiff's lawsuits, the Court entered dismissals on the grounds of failure to state a claim.  *See*

*Wilson v. McCallough*, No. 4:05-cv-40027 (E.D. Mich.) (Order & J. Apr. 20, 2005); *Wilson v.*

*Overton*, No. 4:05-cv-82 (W.D. Mich.) (Order & J. Sept. 7, 2005); *Wilson v. Klein*, No. 1:02-cv-936

(W.D. Mich.) (Order & J. Jan. 7, 2003).  Moreover, Plaintiff's allegations do not fall within the

exception to the three-strikes rule because he does not allege any facts establishing that he is under

imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma*

*pauperis* in this action.  Plaintiff has thirty days from the date of entry of this order to pay the entire

civil action filing fee, which is $250.00.  When Plaintiff pays his filing fee, the Court will screen his

complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the

filing fee within the thirty-day period, his case will be dismissed without prejudice, but he will

continue to be responsible for payment of the $250.00 filing fee.

Date:        May 24, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT  JUDGE

SEND REMITTANCES TO THE FOLLOWING ADDRESS:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**